**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**SCOTT BOSTWICK,**

        Plaintiff,

    -vs-                                      **Case No. 13-C-1036**

**WATERTOWN UNIFIED SCHOOL
DISTRICT, BOARD OF EDUCATION
OF THE WATERTOWN UNIFIED
SCHOOL DISTRICT, KATE LAPIN,
CASSANDRA SCHUG, IVAN THOMPSON,
DOUGLAS KEISER, ROBERT BAXTER
and PAUL VANCE,**

        Defendants.

---

**DECISION AND ORDER**

---

This matter is scheduled for a one-week trial beginning on May 18. The defendants move *in limine* to preclude or allow the introduction of certain evidence. These motions are addressed herein.

***

1.    Defendants move to preclude notes typed by Jim Martin during a conversation with the plaintiff, Scott Bostwick. The conversation took place on February 17, 2012, shortly after Bostwick was presented with a proposed early retirement agreement during a meeting with defendants

Cassandra Schug and Ivan Thompson. As he was leaving the meeting, Bostwick stopped his car at a nearby gas station and called Martin to discuss what happened. Martin told Bostwick to call him back a few minutes later so Martin could get his laptop out and document Bostwick's recollection. Defendants argue that Martin's notes are inadmissible hearsay, but two exceptions are relevant: Fed. R. Evid. 803(2) (Excited Utterance) and Fed. R. Evid. 803(5) (Recorded Recollection).

Rule 803(2) excepts from the hearsay rule statements "relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." This exception recognizes that "circumstances may produce a condition of excitement which temporarily stills the capacity of reflection and produces utterances free of conscious fabrication." Fed. R. Evid. 808 advisory committee's note. "In other words, the statement must have been a spontaneous reaction to the startling event and not the result of reflective thought." *United States v. Boyce*, 742 F.3d 792, 796 (7th Cir. 2014). The statement "need not be contemporaneous with the startling event … [r]ather, the utterance must be contemporaneous with the excitement engendered by the startling event." *United States v. Joy*, 192 F.3d 761, 765 (7th Cir. 1999).

At the meeting, Schug and Thompson presented Bostwick with a

choice between early retirement and a continued investigation into unspecified allegations of wrongdoing. Bostwick was not prepared to retire early, so he was frightened that his career as an educator might end prematurely. This meeting was a startling event; Bostwick's subsequent statements to Martin relate to this event; and the statements were made under the stress of the excitement caused by the event (Bostwick stopped driving as he was leaving the meeting so he could discuss the incident with Martin). Therefore, Martin's notes are admissible under Rule 803(2).

Alternatively, Rule 803(5) provides an exception for a record that "(A) is on a matter the witness once knew about but now cannot recall well enough to testify fully and accurately; (B) was made or adopted by the witness when the matter was fresh in the witness's memory; (C) accurately reflects the witness's knowledge." Martin took detailed, contemporaneous notes of Bostwick's statements. Martin's memory of a conversation that took place over three years ago is bound to be imperfect, so the notes can be used to fill the gaps in Martin's memory, and he can attest to the accuracy of the notes. Therefore, the notes can be read into evidence. Fed. R. Evid. 803(5) ("If admitted, the record may be read into evidence but may be received as an exhibit only if offered by an adverse party").

    2.    Defendants move to preclude Martin from providing expert

testimony and opinions about the nature of the investigation into Bostwick's conduct and the effect of the investigation on Bostwick. Bostwick counters that Martin's testimony qualifies as lay opinion testimony, not expert testimony. *See* Fed. R. Evid. 701, 702.

Rule 701 permits lay opinion testimony that is (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. The last requirement is "intended to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." *Von der Ruhr v. Immtech Int'l, Inc.*, 570 F.3d 858, 862 (7th Cir. 2009).

Martin's testimony easily meets this standard. First, Martin has extensive knowledge regarding the Bostwick investigation. This includes, but is not limited to, Martin's personal knowledge of Bostwick's meeting with Schug and Thompson, discussed above. Martin's testimony will be helpful to the trier of fact in determining a fact in issue – that is, whether Bostwick's termination was the result of impermissible discrimination. *See* Fed. R. Evid. 704(a) (opinion testimony not automatically objectionable "just because it embraces an ultimate issue"). Finally, Martin's testimony

falls on the side of lay opinion testimony because it "results from a process of reasoning familiar in everyday life," not "a process of reasoning which can be mastered only by specialists in the field." Rule 701 advisory committee's note (2000 amends.).

Lay witnesses are generally allowed to opine as to the motivation or mental state of others. *See, e.g., United States v. Goodman*, 633 F.3d 963, 968-69 (10th Cir. 2001). For example, in *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898 (2d Cir. 1997), a long-time employee of the defendant was allowed to testify regarding his belief that age discrimination was involved in the plaintiff's termination. "In holding the testimony admissible, the court pointed out that the witness was 'in a position to have acquired knowledge of the facts that formed the basis of his opinion,' and 'had established a solid foundation of his intimate involvement with [defendant's] operation and his opinion was thus based on observations about [defendant's] decisionmaking process.'" *Gossett v. Oklahoma ex rel. Bd. of Regents for Langston Univ.*, 245 F.3d 1172, 1179 (10th Cir. 2001). Similarly here, Martin served as the Human Resources Manager at Watertown Unified High School for approximately 17 years until his retirement in June 2006. Thus, his "position with the defendant entity provide[d] the opportunity to personally observe and experience the

defendant's policies and practices." *Gossett* at 1179. Martin's testimony is admissible lay opinion testimony.

3. Defendants move to admit testimony from Schug and Thompson about what complaining School District employees told them during the course of the Bostwick investigation. Bostwick stipulates that Schug and Thompson may offer testimony as to what three District employees allegedly told them (Diane Schultz, Michael Daniels, and Jolene Massuch), but only to demonstrate Schug and Thompson's state of mind. Moreover, Bostwick reserves the right to challenge whether such conversations actually occurred, and also reserves the right to raise evidentiary challenges to testimony regarding what other individuals told Schug and Thompson. Defendants' motion will be granted subject to the foregoing qualifications.

4. Defendants argue that the Court should exercise its discretion to bifurcate the trial into a liability phase followed, if necessary, by a damages phase. The Court will not bifurcate the trial because witnesses will invariably overlap between phases. Thus, bifurcation will not promote convenience, avoid prejudice, or "expedite and economize." Fed. R. Civ. P. 42(b).

5. Finally, defendants argue that the Court should preclude

evidence related to the value of Bostwick's fringe benefits, job-search expenses, treatment costs and other out-of-pocket expenses because Bostwick never provided such information to the defendants in his initial disclosures. Fed. R. Civ. P. 26(a)(1)(A)(iii) (party must provide "a computation of each category of damages claimed by the disclosing party …"). Bostwick argues generally that the failure to disclose (or supplement) was harmless because "the information on which these damages are calculated [was] already in Defendant's possession." *Maharaj v. Cal. Bank & Trust*, 288 F.R.D. 458, 463 (E.D. Cal. 2013); Fed. R. Civ. P. 37(c)(1) (party not allowed to use evidence it failed to disclose "unless the failure was substantially justified or is harmless"). The Court agrees with Bostwick's argument, but only with respect to fringe benefits. As in *Maharaj*, the defendants "ha[ve] the records of the benefits it paid to Plaintiff." *Id.* However, the defendants do not have records regarding Bostwick's job-search expenses, treatment costs, and other out-of-pocket expenses that he allegedly incurred as a result of his termination. Therefore, this evidence must be excluded.

**\*\*\***

Defendants' motions in limine [ECF No. 63] are **GRANTED-IN-PART** and **DENIED-IN-PART**, consistent with the foregoing opinion.

Dated at Milwaukee, Wisconsin, this __9th__ day of April, 2015.

                                   **SO ORDERED:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**